UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

00 MAY 31  PM 2: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

RON HOWELL,                          )
                                     )
    Plaintiff,                       )
                                     )
    vs.                              )        CV 00-BU-0658-M
                                     )
TOWN OF SPRINGVILLE; et al.,         )
                                     )
    Defendants.                      )

ENTERED

MAI 5 1 2000

---

## MEMORANDUM OPINION

---

    Defendants have filed a Motion to Dismiss or in the Alternative, to Stay this Case

Pending the Resolution of the State Court Action.  Doc. 8.  As grounds for their motion,

Defendants assert that (1) this Court should abstain from hearing this case; (2) Plaintiff's

claims are not ripe; (3) Plaintiff cannot recover punitive damages against a municipality;

and (4) Plaintiff has failed to state a claim upon which relief may be granted.  In its Reply

Brief, Defendants raised additional grounds for dismissing Plaintiff's claims, including: (1)

all of Plaintiff's claims should be dismissed because there has not been a "taking" of

Plaintiff's property; (2) Plaintiff's equal protection claim should be dismissed as a matter

of law; (3) Plaintiff's procedural due process claim should be dismissed as a matter of law;

(4) Plaintiff's substantive due process claim should be dismissed as a matter of law; (5)

Plaintiff's first amendment claim should be dismissed as a matter of law; (6) Plaintiff's

claims should be dismissed because Defendants' decision to amend the zoning ordinance

was not arbitrary and capricious; and (7) all claims against the Town of Springville are due to be dismissed.  Doc. 14.  For the reasons set forth below, Defendants' Motion is due to be granted in part and denied in part.

## I.  STATEMENT OF FACTS

Plaintiff Ron Howell owns agricultural property in the Town of Springville, one of the the Defendants in this case.  Zoning restrictions, prior to 1999, allowed residential structures –  including "mobile homes, subject to § 106 –  and structures for religious purposes -- including instruction, meeting, lodging, and eating -- on property zoned for agricultural use.

At the October 19, 1999, meeting of the Springville Zoning and Planning Commission, Defendant John Ray – Springville's Building Inspector – proposed to amend the zoning restrictions to remove the words "mobile home, subject to § 106" from the zoning restrictions, which would preclude owners of agricultural property from maintaining mobile homes on their property.  The proposal failed due to a lack of a motion.  However, a month later, on November 23, 1999, Ray presented his proposal to the Springville Town Council at a meeting of the council called for the specific purpose of considering Ray's proposed change.  Plaintiff contends that the notice of the special meeting stated the section of the zoning ordinances under consideration for amendment; however, according to Plaintiff, it did not contain the location of the meeting, the terms of the proposed amendment, and the allowable uses of agricultural property.  At this meeting, the council voted to approve Ray's proposal to remove mention of mobile houses from the agricultural property zoning ordinance.

Page 2 of  15

On November 30, 1999, Plaintiff requested a permit to move a mobile home onto his agricultural property; Ray denied Plaintiff's permit that same day. The Springfield Board of Adjustments affirmed the denial of Plaintiff's permit.

On March 14, 2000, at 2:45 p.m., Plaintiff filed a complaint in this Court containing five causes of action: (1) violation of his right to equal protection pursuant to the Fourteenth Amendment of the United States Constitution; (2) violation of his right to procedural due process pursuant to the Fourteenth Amendment of the United States Constitution; (3) violation of his right to substantive due process pursuant to the Fourteenth Amendment of the United States Constitution; (4) a taking of his property in violation of the Fifth Amendment of the United States Constitution; and (5) violation of his religious rights in violation of the First Amendment of the United States Constitution. Earlier that same day, the City of Springville had filed a declaratory judgment action in the Circuit Court of St. Clair County, asking the state court to "ascertain and determine that the structure placed or moved by Defendant onto the aforesaid real property is in violation of the zoning ordinances of the Town of Springville, Alabama, and that . . . Ronald M. Howell . . . be ordered or directed to remove said structure from the aforesaid real property. Doc. 8, Attachment.

## II.    DISCUSSION

### A.    ABSTENTION – *Colorado River* Doctrine

Defendants contend that this Court should abstain from hearing this case pursuant to the *Colorado River* doctrine. Doc. 8, pp. 2-5; Doc. 14 pp. 1-2.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."

Page 3 of  15

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). The *Colorado River* doctrine allows a federal court – in *exceptional* circumstances – to dismiss a case because of a parallel state court litigation. *Id.*; *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S. Ct. 927, 936-37, 74 L. Ed. 2d 765 (1983). "The 'exceptional circumstances' necessary for abstaining under *Colorado River* requires the balancing of several factors . . . and the balance should be heavily weighted in favor of the exercise of jurisdiction." *Sheerbonnet, Ltd. v. American Express Bank, Ltd.*, 17 F.3d 46, 49 (2d Cir. 1994)(citations omitted; footnote added). "The emphasis is not to find some substantial reason for the *exercise* of the jurisdiction, but rather, '. . . whether there is the clearest justification to *surrender* that jurisdiction.'" *Northern Insurance Co. v. David Nelson Construction Co.*, 41 F. Supp. 2d 1332, 1338 (M.D. Fla. 1999)(quoting *Moses H. Cone*, 460 U.S. at 25-26)(emphasis added).

"Before the *Colorado River* doctrine can be applied the district court must first determine that the concurrent state and federal actions are actually parallel;" this means that the parties and the issues are "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998); *Sheerbonnet*, 17 F.3d at 49-50; 32A AM. JUR. 2D *Federal Courts* § 1312 ("Before even considering the factors that go into determining whether abstention is appropriate, it is first necessary to determine whether there exist parallel duplicative state proceedings. *Colorado River* requires parallel suits, not identical ones. A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.")(footnotes omitted). "If the state

and federal court proceedings are not concurrent, the *Colorado River* abstention is unquestionably not appropriate." *Northern* Insurance, 41 F. Supp. 2d at 1339. Even if the proceedings are not parallel, the federal court has a "virtually unflagging obligation . . . to exercise the jurisdiction given them;" therefore, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817; 96 S. Ct. at 1246.

In this case, Plaintiff's Complaint contends numerous constitutional violations related to the amendment of the zoning ordinance and the denial of his request for a permit. He names the Town of Springville, the Springville Zoning and Planning Commission, the Springville Board of Adjustment and John Ray as Defendants. On the other hand, Defendant Town of Springville filed a Complaint for Declaratory Judgment and Injunctive Relief in state court asking for a declaration that Plaintiff has placed a structure on his property in violation of the zoning ordinance and an order directing Plaintiff to remove the structure. The issues and parties in the two cases are not substantially similar.

Therefore, the Court finds that Defendants' Motion to Abstain is due to be denied.

## B.    RIPENESS (COUNT FOUR – TAKINGS CLAIM)

Plaintiff concedes that his Fifth Amendment takings claim is not ripe. Therefore, Defendant's Motion to Dismiss this claim (Count Four) is due to be granted.

### C.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### 1.   Town of Springville

##### a.   Punitive Damages

Defendants contend that Plaintiff's claim for punitive damages is due to be dismissed because punitive damages may not be recovered against a municipal defendant in an action brought pursuant to 42 U.S.C. § 1983.  This Court agrees.  *Jefferson v. City of Tarrant*, 522 U.S. 75, 79, 118 S. Ct. 481, 485, 139 L. Ed. 2d 433 (1997)("But § 1983 plaintiffs may not recover punitive damages against a municipality. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).").  Plaintiff's claim for punitive damages against the Town of Springville is due to be dismissed.

##### b.   Custom or Policy

Defendants contend that all claims against the Town of Springville are due to be dismissed because Plaintiff has not alleged that "any custom or policy of the Town of Springville  .  .  . caused the harm alleged in Plaintiff's complaint."  Doc. 14, p. 13.  This argument is without merit.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 n.9, 106 S. Ct. 1292, 1299, 89 L. Ed. 2d 452 (1986)("If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. To deny compensation to the victim would therefore be contrary to the

fundamental purpose of § 1983." (footnote omitted)); *see also Morro v. City of Birmingham*,

117 F.3d 508, 514 (11th Cir. 1997)(municipalities are liable pursuant to § 1983 for

execution of a government policy or custom; the policy or custom may be a single decision

by the final policy maker, whose decision is not subject to administrative review by the

municipality); *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 637-38 (11th Cir.

1991)(same).

Defendants' Motion to Dismiss all claims against the Town of Springville based on

Plaintiff's failure to allege that a custom or policy caused his injury is due to be denied.

## 2.  Count One -- Equal Protection

Defendants contend:

> In the present case, because the plaintiff has not alleged or shown
> that he is a member of a suspect class or this case involves the [p]laintiff's
> fundamental rights, the [d]efendants' actions in amending the zoning
> ordinance could not have violated or infringed upon the [p]laintiff's equal
> protection rights, because the [d]efendants had a rational basis for amending
> the zoning ordinance. The [d]efendants have submitted several rational
> [bases] for their decision to amend the zoning ordinance in question,
> including concerns about the character of the community, economic harm
> and general aesthetics. (See Affidavit of John Ray, attached hereto as
> Exhibit A).

Doc. 14, p. 7.  Defendants' motion asks the Court to dismiss Plaintiff's equal protection

claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ.

P. 12(b)(6). Therefore, all evidence attached to Defendants' Reply Submission in support

of its 12(b)(6) motion is due to be excluded and has not been considered by the Court in

deciding Defendants' Motion to Dismiss.

In *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1997), the Eleventh Circuit

noted three categories of equal protection claims:

> Equal protection claims can be divided into three broad categories. *See*, J. Nowak, R. Rotunda & J. Young, Constitutional Law 600 (2d ed. 1983). The first and most common type is a claim that a statute discriminates on its face. In such a case, a plaintiff can prevail by showing that there is no rational relationship between the statutory classification and a legitimate state goal. *Hooper [v. Bernalilo County Assessor*, 472 U.S. [612,] 618, 105 S. Ct. [2862,] 2866, [86 L. Ed. 2d 487 (1985);] *Dandridge* [*v. Williams*], 397 U.S. [471,] 485-86, 90 S. Ct. [1153,] 1161-62, [25 L. Ed. 2d 491 (1970)]. When the statute facially discriminates against certain groups or trenches upon certain fundamental interests, courts have required a closer connection between the statutory classification and the state purpose. *See generally Plyler v. Doe*, 457 U.S. 202, 216-18 & nn. 14-16, 102 S. Ct. 2382, 2394-95 & nn. 14-16, 72 L. Ed. 2d 786 (1982) (plurality) (discussing "intermediate" and "strict" scrutiny).
>
> The second type of equal protection claim is that neutral application of a facially neutral statute has a disparate impact. In such a case, a plaintiff must prove purposeful discrimination. *See e.g., Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 99 S. Ct. 2282, 60 L. Ed. 2d 870 (1979); *Washington v. Davis*, 426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976).
>
> The third type of claim is that defendants are unequally administering a facially neutral statute. Plaintiffs' claim in this case falls into this third category. The equal protection standard applicable to a claim of unequal application of facially neutral legislation is materially different than that applicable to a challenge to classifications created on the face of the legislation.

*Id*. at 1112 n.5.

This third type of equal protection claim is also referred to an as-applied equal protection claim. The "rational basis" standard, referred to by Defendant in its argument in support of its motion to dismiss, is improper when analyzing an "as-applied" claim. In order to allege an as-applied equal protection claim, Plaintiff must sufficiently allege: "(1) that [he] was treated differently from similarly situated persons, and (2) that [D]efendants

unequally applied the . . . zoning laws for the purpose of discriminating against [Plaintiff]."
*GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir.1998) (citing
*Snowden v. Hughes*, 321 U.S. 1, 6, 64 S. Ct. 397, 401, 88 L. Ed. 497 (1944); *Strickland
v. Alderman*, 74 F.3d 260, 264 & n. 4 (11th Cir.1996)).

The Court is uncertain as to which category or categories of equal protection claims
Plaintiff is asserting. Plaintiff's Complaint states that he was denied a permit while others
received such permits. He also contends that Defendants arbitrarily and capriciously
amended a zoning ordinance; this allegation does not indicate that the ordinance after
amendment was discriminatory on its face or that the resulting facially neutral ordinance
was applied discriminatorily. Moreover, Plaintiff's allegations of intentional and wanton
conduct by Defendants are inadequate to allege purposeful discrimination. *Snowden*, 321
U.S. at 10, 64 S. Ct. at 402("The lack of any allegations in the complaint ... tending to show
a purposeful discrimination . . . is not supplied by the opprobrious epithets "willful" and
"malicious" . . ., or by characterizing [the defendant's actions] as an unequal, unjust, and
oppressive administration of the laws . . . . These epithets disclose nothing as to the
purpose or consequence of [the defendant's actions]. . . . Such allegations are insufficient
under our decisions to raise any issue of equal protection of the laws . . . ."), *quoted in GJR
Inv., Inc.*, 132 F.3d at 1368 ("GJR's allegations that the defendants' actions were arbitrary
and capricious in that they acted with an improper motive, without reason, or upon a
reason that was merely pretextual,  are uncannily similar to those the Supreme Court
rejected in *Snowden*, and are insufficient for much the same reason." (internal quotations
omitted)).

Because Plaintiff's complaint fails to state an equal protection claim, Count One of Plaintiff's Complaint is due to be dismissed. However, the Court will grant Plaintiff leave to amend his Complaint to reassert a claim of equal protection. In his amended complaint, Plaintiff shall set forth the category or categories of equal protection claims, including within each count the facts relevant to that particular claim. *See GJR Inv.*, 132 F.3d at 1368 (citing *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir.1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir.1991)).

## 3.   Count Two -- Procedural Due Process

Defendants contend that Plaintiff's procedural due process claim is due to be dismissed because he has not been deprived of a protected property interest and because Plaintiff failed to exhaust his administrative remedies.

### a.   Property Interest

Defendants cite no caselaw in support of their argument that the change in the zoning ordinance – which resulted in Plaintiff being denied a permit to place a mobile home on his property – did not deprive Plaintiff of a property interest. However, the Alabama Supreme Court, in *Lynnwood Property Owners Association v. Lands Described in Complaint*, 359 So. 2d 357 (Ala. 1978), held that the Plaintiffs had been "deprived of procedural due process" when the Mobile City Board of Commissioners had reconsidered and had approved a zoning amendment, which affected the plaintiffs' property, in violation of its bylaws and ordinances.[1]  Therefore, the Court finds that Alabama recognizes that a

---

[1]The change in the amendment to the zoning ordinance did not directly affect the property owned by Plaintiffs – such as limited their use of the property; rather it

change in a zoning ordinance may support a procedural due process claim for persons affected thereby.[2]

Therefore, Defendants' Motion to Dismiss Plaintiff's procedural due process claim on the ground that Plaintiff has not been deprived of a property interest is due to be denied.

### b.   Exhaustion

Noting that Alabama law provides aggrieved parties the right to appeal decisions of a board of adjustments to the state circuit court,[3] Defendants contend that Plaintiff's procedural due process claims are "without merit and not ripe" because "Defendants have not failed to provide him with due process of law." Doc. 14, p. 9 (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)).[4]  Defendants contend that because Plaintiff failed

changed the uses for a nearby and/or adjacent parcel. *Lynnwood Property Owners*, 359 So. 2d at 357-358.

[2]The Court notes that the Eleventh Circuit has recognized that "'[p]roperty' as used in the Just Compensation Clause is defined much more narrowly than in the due process clauses. *Pittman v. Chicago Board of Education*, 64 F.3d 1098, 1104 (7th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 2497, 135 L. Ed. 2d 189 (1996) . . . . *See also Scott v. Greenville County*, 716 F.2d 1409, 1421-22 & n.20 (4th Cir. 1983)(entitlement to building permit is property protected by due process clause but not by Fifth Amendment takings doctrine)." *Corn v. City of Lauderdale Lakes*, 95 F.3d 1066, 1075 (11th Cir. 1996).

[3]Ala. Code § 11-52-81; *see also* § 11-52-80(d).

[4]The Eleventh Circuit Court of Appeals has recently stated that the *McKinney* "rule is not based on ripeness or exhaustion principles." Rather, the rule announced in *McKinney*:

"looks to the existence of an opportunity -- to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered.  If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state

to appeal the decision of the Springville Board of Adjustment, affirming the decision to deny Plaintiff a permit for his mobile home, the State has yet to deny him a remedy. Thus, they contend that Plaintiff's procedural due process claim is not ripe.

This argument misapprehends Plaintiff's claim. Plaintiff contends that his procedural due process claim is based on inadequacies and improprieties by Defendants in amending the zoning ordinance to exclude mobile homes. *See* Doc. 16, pp. 5-7. This Court holds that Plaintiff's complaint does not state a procedural due process claim with regard to the denial of his permit for a mobile home on his property; rather, his complaint states a procedural due process claim based on Defendants' failure to comply with state laws and local laws for amending the ordinance, which denied Plaintiff procedural due process. *See Everett v. City of Tallahassee*, 840 F. Supp. 2d 1528, 1542 (N.D. Fla. 1992) (citing *Pennick v. Florala*, 529 F.2d 1242, 1243 (5th Cir. 1976)). Because Plaintiff's Complaint does not contain a claim based on the denial of his request for a permit, Defendant's Motion to Dismiss such a claim is due to be denied.[5]

---

remedy or attempted to do so. If state courts generally would not provide an adequate remedy for that type of procedural deprivation, then the federal court determines whether the Fourteenth Amendment Due Process Clause requires such a remedy, and if it does, the federal court remedies the violation. Either way, the federal court decides the federal procedural due process claim; that claim is not sent back to state court.

*Horton v. Board of County Commissioners*, 202 F.3d 1297, 1300 (11th Cir. 2000).

[5]The Court notes that Defendants' contention that Plaintiff's procedural due process claim based on the denial of a permit is not "ripe" is without merit. *See, supra*, pp. 13-14.

## 4.    Count Three -- Substantive Due Process

Defendants contend that Plaintiff's substantive due process claim is due to be dismissed because Plaintiff cannot show that Defendants acted arbitrarily and capriciously, and because the Defendants' decision is not final because Plaintiff did not exhaust his administrative remedies by filing an appeal of the decision to the state circuit court.

### a.    Arbitrary and capricious

Defendants contend that they "can assert several rational bas[e]s for amending the zoning ordinance and denying [Plaintiff's] permit to bring a mobile home in the agriculture area." Nevertheless, assuming that Defendants can establish a legitimate, rational basis for the amendment, Plaintiff can still prevail if he can establish that Defendant could not possibly have relied on that basis. *See Haves v. City of Miami*, 52 F.3d 918, 923 (11th Cir. 1995). Thus, Plaintiff has stated sufficiently a claim for an "as applied" arbitrary and capricious substantive due process claim. *Shands Teaching Hospital & Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) ("Dismissal under Rule 12(b)(6) is appropriate 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)."). Therefore, Defendants' Motion to Dismiss on this ground is due to be denied.

### b.    Exhaustion

Defendants note, correctly, that "as applied arbitrary and capricious [substantive] due process claims are ripe when the decision being challenged is final." Doc. 14, p. 11. However, Defendants – incorrectly – state that "[i]n the present case, the defendant's

Page 13 of 15

decision is not final, because the Plaintiff has failed to exhaust his administrative remedies

[by] filing a claim in circuit court." *Id.*

> [I]n an as applied arbitrary and capricious claim, if the authority has not
> reached a final decision with regard to the application of the regulation to the
> landowner's property, the landowner cannot assert an as applied challenge
> to the decision because, in effect, a decision has not yet been made. Of
> course, requiring a landowner to wait until the County has made a final
> decision to apply a zoning ordinance to his property **does not mean that he
> has to exhaust his administrative remedies and appeal the final ruling
> of the initial decisionmaker**. If, however, other actors can still participate
> in the Zoning Commission's decisionmaking, then a final decision has not yet
> been made.

*Tari v. Collier County*, 56 F.3d 1533, 1536 (11th Cir. 1995)(emphasis added). Therefore,

the Court holds that Plaintiff's substantive (as applied arbitrary and capricious) due process

claim is "ripe." Defendants' Motion to Dismiss is due to be denied.

### 4.   Count Five -- First Amendment/Freedom of Religion

Defendants contend:

> Plaintiff has not presented any facts, evidence, or allegations that his
> freedom of religion has been denied. Most importantly here, the Plaintiff has
> not alleged how his freedom of religion has been violated by the city's zoning
> amendment and/or denial of his permit to bring a mobile home onto his
> property. In fact, the Plaintiff alleges that he was going to use the mobile
> home to care for his mother. . . . The Plaintiff has simply not alleged any
> religious freedom has been violated.

Doc. 14, p. 11. The Court agrees. Plaintiff's Complaint fails to state a violation of his First

Amendment rights to freedom of religion. Therefore Count Five is due to be dismissed.

The Court notes that Plaintiff's argument in opposition to the motion to dismiss hints

at two possible first amendment claims: (1) an "exercise" claim regarding his ability to

conduct prayer services over his ailing mother; and (2) an "establishment" claim regarding

the granting of permits for mobile homes to religious organizations. The Court makes no determination of whether either claim is viable. Nevertheless, based on Plaintiff's arguments, the Court will grant Plaintiff leave to amend his Complaint as to any such claim.

## III. CONCLUSION

Based on the foregoing, Defendants' Motion to Abstain is due to be denied; Defendants' Motion to Dismiss is due to be granted in part and denied in part. Defendants' Motion to Dismiss is due to be granted as to Plaintiff's Takings claim, his Equal Protection claim, his First Amendment claim, and his claim for punitive damages against the Town of Springville. Those claims are due to be dismissed; however, Plaintiff will be granted leave to amend his Equal Protection claim and his First Amendment Claim. Any such amendment shall be filed with the Clerk of this Court on or before June 15, 2000. Defendants' Motion to Dismiss is due to be denied as to Plaintiff's Procedural and Substantive Due Process Claims.

A separate Order shall be entered simultaneously with the filing of this memorandum Opinion.

DONE this **31st** day of May, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE